STEPHEN M. RINKA (SBN 219626)
**THE RINKA LAW FIRM**
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 556-9653
Facsimile: (310) 579-8768
Email: Stephen.rinka@gmail.com

Attorneys for Plaintiff
MICHAEL EZEKIEL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EZEKIEL;<br><br>  Plaintiff,<br><br>  vs.<br><br>BANK OF AMERICA, CORP., TRANSUNION, CORP., EXPERIAN INFORMATION SOLUTIONS, INC., and DOES 1 through 10, inclusive;<br><br>  Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Michale Ezekiel ("Plaintiff"), complains against defendant Bank of America, Corp. ("Bank of America"), TransUnion, Corp. ("TransUnion"), Experian Information Solutions, Inc. ("Experian") and Does 1 – 10, and alleges on information and belief as follows:

## OPERATIVE FACTS

1. Plaintiff had a Bank of America Visa credit card, which Plaintiff used for purchases. Plaintiff would receive a monthly statement from Defendant Bank of America via email containing a list of purchases that were made the previous

month using said credit card.

2. The monthly statement received by Plaintiff would set forth a date, by which Plaintiff must pay the full amount owing on the monthly statement in order to avoid late charges and interest on the balance owed.

3. Plaintiff would always pay the full balance owed as reflected in the statement, thereby avoiding any late payment charges or interest.

4. Due to technical issues with Defendant Bank of America's delivery system, starting in or about January of 2013 through March of 2013, Plaintiff's monthly credit card statements, emailed by Defendant Bank of America, were not being received by Plaintiff. Coincidentally, Plaintiff was also out of the country during this time. As a result, Plaintiff was unknowingly incurring interest and late fee charges on this credit card. In addition, Defendant Bank of America reported negative marks on Plaintiff's credit report for failing to timely pay the balance owed for his credit card.

5. In or about April of 2013, Plaintiff received written correspondence from Defendant Bank of America advising Plaintiff that they were having an issue communicating with Plaintiff. Plaintiff contacted Defendant Bank of America to advise it that he had not received any electronic communications from Defendant Bank of America.

6. Defendant Bank of America opened up an investigation into Plaintiff's claims to determine whether Plaintiff did in fact receive Defendant Bank of America's communications. After completing its investigation, Defendant Bank of America determined that Plaintiff did not receive its communications and reversed all interest charges, late fees and agreed to remove any negative trade lines on Plaintiff's credit reports.

7. In or about May of 2014, Plaintiff wrote correspondence to Bank of America to confirm that all issues regarding Plaintiff's credit card account were resolved. On or about June 20, 2014, Plaintiff received written correspondence

PLAINTIFF'S COMPLAINT FOR DAMAGES
CASE NO.:

2

from Bank of America, advising Plaintiff that his balance for the subject account had a zero balance and that Defendant Bank of America considered Plaintiff's inquiry resolved.

8. Unbeknownst to Plaintiff, despite Defendant's June 20, 2014 letter, indicating that the matter had been resolved, Defendant Bank of America had not removed its negative remarks from Plaintiff's credit report.

9. In or about July of 2015, Plaintiff was notified by another lending company that his line of credit would be reduced due to the negative marks on his credit report. This was when Plaintiff had learned that Defendant Bank of America had not removed its negative trade lines on his credit report, despite its June 20, 2014 letter.

10. Plaintiff disputed the negative trade lines with Defendants TransUnion and Experian in or about August of 2015. Defendant TransUnion indicated in a September 21, 2015 letter that it allegedly conducted an investigation into Plaintiff's claims, however TransUnion did not make any changes to Plaintiff's credit report.

11. Defendant Experian failed to take any action, despite its obligation to do so within 30 days from the date it receive notice of a dispute on a consumer's credit report.

12. As of the date of filing this Complaint, the negative trade lines issued by Defendant Bank of America to Plaintiff's credit report remain on Plaintiff's credit reports with Defendants TransUnion and Experian. These negative remarks have caused Plaintiff's credit score to drop 100 points and led to reduction of credit lines and prevented Plaintiff from obtaining new lines of credit.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. §1681p. Venue in this judicial district is proper because Plaintiff resides in this judicial district and many of the facts relevant to this Complaint occurred in

this judicial district.

## PARTIES

14. Plaintiff is a natural person over the age of 18 years and is a resident of Los Angeles County, State of California.

15. Defendant Bank of America is a North Carolina corporation, licensed to do business in the state of California, County of Los Angeles.

16. Defendant TransUnion is a Delaware corporation, licensed to do business in the state of California, County of Los Angeles.

17. Defendant Experian is a Delaware corporation, licensed to do business in the state of California, County of Los Angeles.

18. The true names and capacities of the Defendants, DOES 1 through 10, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff, therefore, sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges that each of the DOE Defendants are, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the Plaintiff as herein alleged.

19. At all times relevant herein, Defendant Does 1 through 10 were acting in the course and scope of their employment as an agent, manager, director, and/or employee of Defendants.

20. Plaintiff is informed and believes that at all times relevant to this complaint Defendants and each of them acted within the scope of their legal employment and authorized agent for Defendant. Therefore any liability under this complaint that is found against or which applies to any individual or all individual Defendants also applies to Defendant under the legal doctrine of respondent superior. The acts or omissions of each individual Defendant are the

acts and omissions of Defendant Bank of America.

# FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681S-2

21. Plaintiff hereby incorporates by reference all well-pleaded allegations contained in the preceding paragraphs as if fully rewritten herein.

22. The Fair Credit Reporting Act ("FCRA") mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

23. On numerous occasions, Defendants TransUnion and Experian have prepared a patently false consumer report concerning Plaintiff.

24. Despite actual and implied knowledge that Plaintiff was not responsible for the late payments on his Bank of America credit card account, TransUnion and Experian readily sold such false reports to one or more third party, thereby misrepresenting Plaintiff, and ultimately, Plaintiff's creditworthiness.

25. On each such instance, TransUnion and Experian willfully and/or negligently failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepared and/or published pertaining to Plaintiff, in violation of Section 1681e(b).

26. Through Plaintiff's communications with TransUnion and Experian, TransUnion and Experian know, or have sufficient reason to know, that when it prepares and sells a consumer report about Plaintiff, the information it is circulating is extremely inaccurate and damaging to Plaintiff. Nevertheless, TransUnion and Experian have taken no measures to stop painting a false and damaging picture about Plaintiff.

27. Plaintiff remains unable to obtain credit lines because of the grossly inaccurate credit file maintained by TransUnion and Experian.

28. Plaintiff has suffered out-of-pocket loss as a result of TransUnion's and Experian's willful and/or negligent violations of the FCRA including, without limitation, high interest rate expenses due to the inaccurate credit report.

29. Plaintiff is not currently free to take advantage of various credit opportunities available to other consumers because of TransUnion's and Experian's failure to report only accurate information about him.

30. As a direct and proximate result of TransUnion's and Experian's willful and/or negligent refusal to follow reasonable procedures to assure "maximum possible accuracy" as specifically mandated by the FCRA, Plaintiff has suffered loss and damage including, but not limited to: economic loss due to higher interest rate costs, loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling him to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

31. Upon information and belief, TransUnion and Experian have been sued on multiple occasions over the past five (5) years for providing inaccurate credit reports.

32. Upon information and belief, TransUnion and Experian have exhibited a pattern of refusing to follow reasonable procedures as mandated by the FCRA, ultimately valuing its own bottom line above its "grave responsibility" to report accurate data on consumers.

33. TransUnion's and Experian's pattern of refusal to follow reasonable procedures as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, entitling Plaintiff to statutory

1 | damages, punitive damages, attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(2).

### TransUnion's and Experian's Failure To Conduct Reasonable Reinvestigations.

34. The FCRA mandates that a credit reporting agency ("CRA"), such as Defendant TransUnion and Experian, conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. See 15 U.S.C. § 1681i(a)(1). The Act imposes a 30-day time limitation for the completion of such an investigation. Id.

35. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. See 15 U.S.C. § 1681i(a)(5)(A).

36. In or about August 2015, Plaintiff initiated a dispute with TransUnion and Experian requesting that they correct and/or delete a specific item in his credit file that is patently inaccurate, misleading and highly damaging to him, namely, that Plaintiff failed to pay his Bank of America credit card balances in 2013.

37. Plaintiff advised TransUnion and Experian that a mistake had been made, provided all necessary information to TransUnion and Experian to support same, and requested the trade line be corrected accordingly, i.e., that the failure to make payment be removed from Plaintiff's credit report.

38. Either TransUnion and Experian conducted no investigation of Plaintiff's dispute, or such "investigations" were so shoddy as to allow objectively false and highly damaging information to remain on Plaintiff's credit file.

39. By failing to conduct a reasonable investigation into Plaintiff's

dispute in this regard, TransUnion and Experian willfully and/or negligently violated 15 U.S.C. § 1681i(a)(1) with respect to each dispute lodged by Plaintiff.

40. As a direct and proximate result of TransUnion's and Experian's repeated disregard for each of Plaintiff's disputes as outlined above, Plaintiff has suffered a significant loss of trust in the credit reporting system and its accountability to the average consumer.

41. As a direct and proximate result of TransUnion's and Experian's willful and/or negligent refusal to conduct reasonable investigations as mandated by the FCRA as outlined above, Plaintiff has suffered loss and damage including, but not limited to: economic loss due to higher interest rate costs, loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling him to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

42. Upon information and belief, TransUnion and Experian have been sued on multiple occasions over the past five (5) years for providing inaccurate credit reports.

43. Upon information and belief, TransUnion and Experian have exhibited a pattern of refusing to correct consumer credit files despite being on notice of patently false information contained in such files, ultimately valuing its own bottom line above its "grave responsibility" to report accurate data on consumers.

44. TransUnion's and Experian's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and/or willful and wanton misconduct, calling for statutory damages, an assessment of punitive damages against Defendant, plus attorneys'

PLAINTIFF'S COMPLAINT FOR DAMAGES   8
CASE NO.:

fees and costs pursuant to 15 U.S.C. § 1681n.

**Bank of America's Failure To Conduct Reasonable Reinvestigations**

45. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information reported about them, to wit:

> After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall:
> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –
>
> (i) modify that item of information;
> (ii) delete that item of information; or
> (iii) permanently block the reporting of that item of information.

*See* 15 U.S.C. § 1681s-2(b)(1).

46. In or about August of 2015, Plaintiff contacted TransUnion and Experian to dispute the accuracy of the information being reported about him.

47. Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), Bank of America received notification of this dispute from TransUnion and Experian.

48. By the time Bank of America received this credit bureau dispute, Bank of America had already been contacted on numerous occasions by Plaintiff, advising Bank of America that its trade line on his TransUnion and Experian

credit report was reflecting that he had missed payments in 2013, when this was the fault of Defendant Bank of America.

49. Bank of America failed to conduct a reasonable investigation into the accuracy of information related to the disputed trade line, in violation of Section 1681s-2(b)(1).

50. Notwithstanding Bank of America's actual knowledge that the alleged missed payments in 2013 were the fault of technical problems with Defendant Bank of America's notification system, Bank of America's failure to conduct a reasonable investigation of the accuracy of its reporting of this adverse information shows a reckless disregard for Plaintiff's rights under the FCRA.

51. In addition to the violation as described above, Bank of America failed to satisfy its duty under Section 1681s-2(b) of updating incomplete or inaccurate information it had previously reported to CRAs upon receipt of each notice from TransUnion and Experian that Plaintiff disputed the accuracy of the previously reported information.

52. Bank of America's failure to report that Plaintiff disputed the accuracy of the trade line was a failure to accurately update the information because it was "misleading in such a way and to such an extent that it [could] be expected to have an adverse effect" on Plaintiff. *Gorman v. Wolpoff & Abramson, LLP, et al.*, 584 F.3d 1147 (9th Cir. 2009); *See also Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142 (4th Cir. 2008).

53. As a direct and proximate result of Bank of America's willful and/or negligent refusal to comply with the FCRA as outlined above, Plaintiff has suffered substantial loss and damage including, but not limited to: economic loss due to higher interest rate costs, loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling him to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the

PLAINTIFF'S COMPLAINT FOR DAMAGES
CASE NO.:                                    10

costs of this action pursuant to 15 U.S.C. § 1681o.

54. Bank of America's complete and utter indifference as to its obligations under the FCRA reveals a conscious disregard of the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, calling for an assessment of punitive damages against Bank of America, pursuant to 15 U.S.C. § 1681n(a)(2).

WHEREFORE, Plaintiff, Michael Ezekiel, respectfully prays this Court for the following relief:

A) Actual damages in an amount to be proved at trial;

B) Punitive damages as provided for by 15 U.S.C. § 1681n(2);

C) Statutory damages as provided for by 15 U.S.C. § 1681n(2);

D) Costs and attorneys' fees as provided for by 15 U.S.C. § 1681n(3) and 15 U.S.C. § 1681o(2); and

E) Such other and further relief as this Court deems just and proper.

Dated: March 4, 2016                THE RINKA LAW FIRM

                                    By: ___/s/___ Stephen M. Rinka
                                        Stephen M. Rinka
                                        Attorneys for Plaintiff,
                                        MICHAEL EZEKIEL

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: March 4, 2016                THE RINKA LAW FIRM

                                    By: ___/s/___ Stephen M. Rinka
                                        Stephen M. Rinka
                                        Attorneys for Plaintiff,
                                        MICHAEL EZEKIEL